UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOANNA CANZONERI, | ) | CASE NO. 1:08 CV 1285 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| GEORGE W. BUSH, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 27, 2008, *pro se* plaintiff JoAnna Canzoneri filed this action against the President of the United States George W. Bush, the United States, United States Housing and Urban Development ("HUD"), Key Bank, Beehive Classroom Apartments, Ameritrust Company, the City of Cleveland, Cuyahoga County, the State of Ohio, Eugene Khavison, Khavison and Associates, New York City Mayor Michael Bloomberg, the New York City Mayor's Office, the New York City Housing Authority, Eliot L. Spitzer, the State of New York, New York Governor George Pataki, HUD Officer Sidney Dexter, HUD Officer Alphonso Jackson, "John Does 1-1000," "John Doe Companys 1-1000," "Jane Does 1-1000," and "John Doe Corporations 1-1000." She seeks injunctive relief. Ms. Canzoneri also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## Background

Ms. Canzoneri's pleading consists of four legal arguments and six attached exhibits. The complaint exhibits are all photocopies of Ms. Canzoneri's typed notes greatly reduced in size in order to fit four of them on a single sheet of paper.  Some of these documents are so small that they are unreadable.  From the portions of the document which are legible, it appears that Ms. Canzoneri was attempting to purchase foreclosed properties prior to the sheriff's sale using federal grant monies.  The grant monies were to be obtained through the American Dream Down Payment Act, signed by President Bush in 2003, to promote home ownership by providing qualifying home buyers with the down payment and closing costs. Ms. Canzoneri contends that approximately $200,000,000.00 was allocated to this program in 2004.  She intended to apply for a sizable grant, which she refers to as a "gift from George Bush President of the United States," and then use the money to buy multiple foreclosed commercial real estate properties before they were put up for public auction.  At least one of the properties she intended to purchase was a dairy farm, for which she would obtain another federal grant for first time farmers.  It appears she also intended to purchase apartment buildings in Ohio, Texas, and New York.

On May 1, 2004, Ms. Canzoneri faxed and mailed sales contracts, a request for postponement of the foreclosure sales, a money order, her federal grant application, a federal grant cash transaction application, a complete loan application package, credit reports and her American Dream Down Payment documents to the parties to the foreclosure actions.  She informed them that by law they had five days to postpone the sheriff's sale during which time she would purchase the properties.  Apparently, those sales did not materialize and the properties were sold at sheriff's auctions as scheduled by the courts.  She provides no information on the response she received to

-2-

her offer except to state that she "lost all real estate property and owner/seller lost money." (Compl. Ex. A.) Ms. Canzoneri declares that she is "claiming ownership [of] federal grant (free money) federal grant for businesses, real estate property and home improvement investments (10 million dollars of home improvements.)" (Compl. Ex. C.)

Ms. Canzoneri asserts four claims for relief.  She contends that the defendants breached oral and written contracts, are liable to her for general negligence, committed unspecified intentional torts, and committed fraud by misrepresenting facts and concealing or suppressing information.  She asks the Court to reverse the various foreclosure sales.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams,* 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to § 1915(e).

As an initial matter, the United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness*

---

[1]      An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

-3-

*v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996).  A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied.  *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957).  Immunity extends to agencies, instrumentalities, and officers of federal government agencies sued in their official capacities.  Plaintiff asserts four claims which arise, if at all, under state law.  Even liberally construing the pleading, there is not a sufficient indication that the United States waived its sovereign immunity.  The claims against the United States, President Bush, HUD, HUD Officer Sidney Dexter, and HUD Officer Alphonso Jackson are dismissed.  *See Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 581 (2d Cir. 2000); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991).

The Court also lacks jurisdiction over plaintiff's claims against the remaining defendants.  Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).  All of plaintiff's claims arise, if at all under state law.  Jurisdiction therefore cannot be premised on the presence of a federal question.  Moreover, jurisdiction cannot be premised on diversity of citizenship of the parties.  A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8.  In a diversity action, "the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed."  *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur.Co.*, 177 F.3d 210, 222 n. 13 (3d Cir.1999). Although the residence of some of the defendants, such as the New York Governor, can be reasonably ascertained on the face of the pleading, Ms. Canzoneri names several individuals and corporate entities as defendants and does

not provide any information which clarifies their legal residence.  Furthermore, she has not satisfied the amount in controversy requirement.  The complaint contains no demand, and the few allegations set forth in the attachments indicate that she could not in good faith claim the jurisdictional amount. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir.2000).

    Finally, even if Ms. Canzoneri had established diversity jurisdiction, her complaint fails to state a claim upon which relief may be granted.  There are no specific allegations against any of the defendants.  Ms. Canzoneri indicates in general terms that she planned to take advantage of federal grant moneys to purchase foreclosed commercial properties, and then without any factual explanation, concludes that the defendants are liable to her for breach of contract, negligence, intentional torts and fraud.  Based on these legal conclusions, she then asks the Court to intervene in state or other federal court actions, to which she is not a party, and reverse the judgments permitting the foreclosure sales.  Legal conclusions alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).  Moreover, this Court lacks jurisdiction to reverse another court's judgment.  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  Federal appellate review of United States District Court judgments can only occur in the United States Circuit Court of Appeals which has jurisdiction over the District Court, and then the United States Supreme Court.

-5-

## Conclusion

Accordingly, plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/Patricia A. Gaughan
Date:   8/04/08
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

---

[2]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial Court certifies that it is not taken in good faith.

-6-